Mahnaz **SHAHVERDY**, Petitioner,

v.

Michael B. **MUKASEY**,* Attorney General, Respondent.

No. 05–72721.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007 **.

Filed Jan. 8, 2008.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monica N. Ganjoo, Esq., Suzanne Sporri, Esq., Ganjoo Law Office, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael B. Heister, Esq., U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

### MEMORANDUM ***

1. Mahnaz Shahverdy, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

2. The BIA adopted and affirmed the IJ's determination that Shahverdy "failed to provide credible testimony or probative evidence to demonstrate that she is eligible for asylum, withholding of removal, or [CAT] relief." Because the BIA adopted the decision and reasoning of the IJ, we treat the IJ's decision as that of the BIA. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999). We review credibility findings for substantial evidence. *Id.* at 1149. We must uphold the decision unless the evidence compels a contrary result. *Id.* at 1149–50.

3. Shahverdy testified inconsistently during her hearing; her testimony was also inconsistent with her asylum applications (which were inconsistent with each other). These inconsistencies were substantial and directly concerned the asserted grounds for asylum—past persecution on the basis of political opinion and well-founded fear of future persecution on the basis of religion. Also, rather than providing testimony that supported her claims, Shahverdy's testimony was vague, lacking detail or specificity. Finally, Shahverdy failed to offer any corroborating evidence even though she lived with or near family members in the San Francisco Bay area who presumably could have substantiated her claims. Thus, substantial evidence supports the adverse credibility determination and denial of Shahverdy's asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies which are "not minor" and which go to the heart of petitioner's asylum claim will support an adverse credibility finding); *Singh–Kaur*, 183 F.3d at 1153 (upholding IJ's finding that petitioner's testimony was not credible because it lacked specificity); *Sidhu v. INS*, 220 F.3d

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1085, 1092 (9th Cir.2000) (upholding an adverse credibility finding "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure").

4. Because Shahverdy failed to meet her burden of proof to establish eligibility for asylum by not providing credible testimony, she also failed to meet her burden of proof to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.") (*citing Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995)).

5. Shahverdy's CAT claim is based on the same testimony regarding her conversion to Christianity that the IJ found not to be credible. Because she points to no other relevant evidence that the IJ should have considered in making its CAT determination, substantial evidence supports the denial of CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

THOMAS, Circuit Judge, dissenting:

I respectfully dissent from the majority's denial of the petition for review. The IJ based his denial of Ms. Shahverdy's asylum application on an adverse credibility finding. On close examination, each of the IJ's reasons for the adverse credibility finding either lacks support of substantial evidence, reflects a misunderstanding of the record, or does not go to the heart of Ms. Shahverdy's application.

For example, the IJ based his adverse credibility finding in part on his conclusion that Ms. Shahverdy provided inconsistent testimony about the gender of someone who assisted her in her asylum application. The IJ claims that Shahverdy testified that she was assisted by an Iranian man, but in cross-examination stated that the application was prepared by Fatima Brown. The IJ then concludes, "The Court believes this is a female name, not a male name." What Ms. Shahverdy actually said on direct examination is that she was assisted by an Iranian *nun,* not an Iranian *man.*[1]

Similarly, the IJ's finding that Shahverdy testified in a contradictory fashion about her arrest in Iran apparently is based on the following portion of the transcript:

Q. Okay. Were you ever arrested in Iran?

A. (Indiscernible) during the reign of (indiscernible).

Based on this exchange, the IJ found that she had testified on direct examination "that she had never been arrested in Iran," which contradicted her later testimony during cross-examination that she was arrested during the Khomeini regime. Although the transcript is obviously incomplete, it is difficult to conclude that "(Indiscernible) during the reign of (indiscernible)" means "no" or is inconsistent with later testimony that she was arrested "during the regime of Khomeini."

These are but two examples, but are representative of my concerns about the IJ's analysis. To be sure, there are inconsistencies in the petitioner's asylum applications and her testimony. However, none of the inconsistencies are major and none go to the heart of her claim. The IJ's

---

1. Ironically, in affirming the IJ, the BIA referred to Ms. Shahverdy using both male and female pronouns, thus committing the same error that the IJ erroneously found to be so egregious.

adverse credibility finding is based on conclusions that either are not supported by the record or do not constitute legally valid reasons for rejecting credibility under our case law. Therefore, I would grant the petition and remand to the BIA for a determination on the merits as to whether she is eligible for asylum.